IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVORE FAMILY PARTNERSHIP LLP,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MCDOUGAL LITTELL, a division of  )<br>Houghton Mifflin Company, and R.R.  )<br>DONNELLY & SONS COMPANY,  )<br>)<br>Defendants.  ) | Civil Action No.: 06 C 3484<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

The DeVore Family Partnership sues McDougal Littell, a textbook publisher, and R.R. Donnelly & Sons Company, a printer, for alleged copyright infringement. The partnership claims McDougal Littell and R.R. Donnelly reproduced a photograph owned by the partnership in a literature textbook without its permission, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. The partnership requests a permanent injunction, actual damages and all profits derived from the unauthorized use of the photograph, or statutory damages, attorneys' fees, and punitive damages against McDougal Littell. McDougal Littell and R.R. Donnelly move to dismiss or to strike the claims for statutory damages, attorneys' fees, punitive damages and profits pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). The partnership concedes its claims with respect to statutory damages, attorneys' fees and punitive damages, and has filed an amended complaint. Accordingly, the motion to dismiss these claims is unopposed. For the reasons set forth below, the motion to dismiss the claim for profits is denied.

## BACKGROUND

The following facts are derived from the amended complaint, which contains the same operative facts as the original complaint. Nicholas DeVore III, now deceased, was a professional photographer. Am. Compl. at ¶ 2. He photographed a scene of Mt. Everest, Mt. Lhotse and Mt. Nupste while on assignment in the Himalaya Mountains for *National Geographic Magazine* in 1982. *Id.* at ¶ 10. The photograph was first published in the June 1982 issue of *National Geographic*. *Id.* Ex. B. De Vore died in 2003. *Id.* at ¶ 2. The DeVore Partnership was created to hold his intellectual property for the benefit of his widow and two children. *Id.* The partnership owns the photograph at issue, which is duly registered with the U.S. Copyright Office. *Id.* at ¶ 9.

In 1998, DeVore (through his agent) sold McDougal Littell a limited license to print no more than 40,000 copies of the Himalayan photograph in the 2000 edition of McDougal Littell's 9th grade textbook, *The Language of Literature*. Am. Compl. at ¶ 11. According to the amended complaint, McDougal Littell exceeded the 40,000 copy limit. *Id.* at ¶ 12. The amended complaint alleges McDougal Littell knowingly induced DeVore to license the photograph based on the misrepresentation that only 40,000 copies would be made. *Id.* at ¶¶ 13-14. The partnership alleges McDougal Littell hired R.R. Donnelly to print nearly 1.5 million unauthorized copies of the photograph, and R.R. Donnelly continues to print copies. *Id.* at ¶¶ 12, 16.

Early in 2006, the partnership discovered the use of the photograph. Am. Compl. at ¶ 15. The partnership registered the copyright on April 14, 2006. *Id.* Ex. B. The partnership filed its complaint on June 27, 2006, alleging it suffered damages as a result of copyright infringement. *Id.* at ¶¶ 19, 22. McDougal Littell and R.R. Donnelly move to dismiss or to strike the partnership's claims for statutory damages, attorneys' fees, punitive damages and any measure of defendants'

2

profits, arguing that (1) the Copyright Act bars recovery of statutory damages, attorneys' fees and punitive damages; and (2) defendants' *de minimis* use of the photograph cannot support a claim for profits. The partnership conceded its claims to statutory damages, attorneys' fees and punitive damages and filed an amended complaint.

## DISCUSSION

### I. Legal Standards

A motion to dismiss challenges the sufficiency of the complaint, and dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt*, 224 F.3d at 612. All that is required is a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Id.*

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[i]n order for the court to grant the motion, the movant must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration" and that the allegations are unduly prejudicial. *Cumis Ins. Soc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). A motion to strike is generally disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

3

Any written instrument attached to a complaint is considered a part of the complaint. Fed. R. Civ. P. 10(c). The partnership attached a Certificate of Registration from the Copyright Office. *See* Am. Compl. Ex. B. The Certificate of Registration may be properly considered on a motion to dismiss. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

## II. Profits

Defendants move to dismiss the claim for profits on the ground that the partnership fails to plead facts showing they are entitled to profits under the Copyright Act. Defendants submit that the partnership's claim to profits is futile, and its damages are limited to lost licensing fees as a matter of law. Defs. Mot. at 2.

The Copyright Act provides that a copyright owner is entitled to recover actual damages suffered as a result of the infringement, and any profits of the infringer attributable to the infringement. 17 U.S.C. § 504(b). To establish the infringer's profits, the copyright owner initially bears the burden of presenting the infringer's gross revenue. *Id.* Then the burden shifts to the infringer to prove deductible expenses and profits attributable to factors other than the infringed work. *Id.*

Defendants' argue the partnership cannot possibly show profits from the sale of the textbook attributable to use of the photograph. Defs. Mem. at 9. The photograph appears as a two inch square on the corner of one page of a 1,254-page literature textbook. *Id.* Defendants insist the photograph is so trivial that no profits from the sale of the textbook can be attributable to its use. *Id.*

Defendants' argument conflicts with the liberal notice pleading standard. Fed. R. Civ. P. 8(a); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim"). A claim should

4

not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Defendants have not established that, accepting the partnership's allegations as true, the partnership cannot present a set of facts giving rise to a causal connection between the use of the photograph and profits from the textbook to support an award of profits.

Not surprisingly, defendants fail to cite any authority requiring a plaintiff to specifically allege profits attributable to infringement at the pleading stage. Instead, they cite cases for the proposition that profits are not available if plaintiffs cannot establish that profits are attributable to the infringement. *See On Davis v. Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001); *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 710-11 (9th Cir. 2004); *Bouchat v. Baltimore Ravens, Inc.*, 215 F. Supp. 2d 611, 617-18 (D. Md. 2002). But none of the decisions addresses a motion to dismiss; the cases cited concern summary judgment motions. Defendants' reliance on these cases is misplaced.

Whether the partnership can establish any profits of the defendants' attributable to use of the photograph cannot be resolved on a motion to dismiss. *See Conley*, 355 U.S. at 48 (the purpose of pleading "is to facilitate a proper decision on the merits"). Without the benefit of discovery, defendants' cannot show that the partnership's claim for profits is meritless and should be stricken. *Cumis Ins. Soc.*, 983 F. Supp. at 798. Demonstrating a causal connection between the use of the photograph and defendants' profits may be difficult. However, only the adequacy of the pleadings is now before this court. Accordingly, defendants' arguments must be rejected.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the claim for profits is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

September 26, 2006